UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN JOSEPH LAMIE, JR.,

       Plaintiff,                                     Case No. 1:11-cv-156

v.                                               HON. JANET T. NEFF

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

       Defendant.
_____/

**OPINION**

       Plaintiff filed this multi-count home mortgage action on February 14, 2011 against defendants Fifth Third Mortgage-MI, Orlans Associates, P.C., and Federal Home Loan Mortgage Corp. ("Freddie Mac") in Muskegon Circuit Court. Defendant Freddie Mac removed the case to this Court. Defendants Fifth Third Mortgage-MI and Orlans Associates, P.C., have since been dismissed. Pending before the Court is Defendant Freddie Mac's Motion to Dismiss under FED. R. CIV. P. 12(b)(6) (Dkt 44). For the reasons that follow, the Court concludes that the Motion is properly granted.

I.  Case Background

       Plaintiff filed this action after his father, Ervin Joseph Lamie, Sr., defaulted on a residential mortgage with Fifth Third, and the home, located in Muskegon County, was purchased by Freddie Mac at a foreclosure sale on January 8, 2010. Fifth Third was the original lender and mortgage

holder[1] (Compl. ¶ 2).  Freddie Mac was the purchaser of the mortgage note (*Id.* ¶¶ 53-54).  Orlans Associates was the law firm that conducted the foreclosure (*id.* ¶¶ 59, 66-67; Dkt 1-1 at 32-33). Because the property was not redeemed before the twelve-month redemption period expired on January 8, 2011, title vested in Freddie Mac pursuant to its sheriff's deed (*See* Compl. Ex. C; Dkt 1-1 at 30).

Plaintiff alleges that he was the successor-in-interest to his father with regard to the mortgage, and the fee simple owner of the home pursuant to a quit-claim deed, which was dated August 26, 2008 but not recorded until April 5, 2010 (Compl. ¶ 1 & Ex. B at 1).  Plaintiff's Complaint, entitled "Petition to Enjoin Operative Effect of, and to Set Aside Sheriff's Sale and Deed," alleges five counts, only three of which remain at issue:[2]

    Count 1—<u>Breach of Contract</u>

    Count 2—<u>Defects in Published Notices</u>

    Count 4—<u>Defendant Freddie Mac Not a Real Party in Interest</u>

Freddie Mac has filed a motion to dismiss all three counts under Rule 12(b)(6) for failure to state a claim.

## II.  Legal Standard

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party.  *Lambert v.*

---

[1] Freddie Mac asserts that Fifth Third was also the loan servicer (Br. at 1); however, Plaintiff makes contradictory assertions regarding the parties' roles, and the record is unclear on this point.

[2] Counts 3 and 5 pertained to only Fifth Third and Orlans Associates and have been dismissed.

*Hartman,* 517 F.3d 433, 439 (6th Cir. 2008); *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir. 2006). "A claim survives this motion where its '[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.'" *Zaluski v. United Am. Healthcare Corp.,* 527 F.3d 564, 570 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007)). Stated differently, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *German Free State of Bavaria v. Toyobo Co, Ltd.,* 480 F. Supp. 2d 958, 963 (W.D. Mich. 2007); *see also Twombly,* 550 U.S. at 555 (citing FED. R. CIV. P. 8(a)(2)). Accordingly, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under a viable legal theory. *Bavaria,* 480 F. Supp. 2d at 963; *see also Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996).

### III. Analysis

Plaintiff challenges the propriety of the foreclosure by advertisement and the validity of Freddie Mac's sheriff's deed pursuant to Michigan statutory provisions, MICH. COMP. LAWS §§ 600.3204 and 600.3236. Plaintiff's legal challenges cannot be sustained.

MICH. COMP. LAWS § 600.3204 permits foreclosure by advertisement and provides in relevant part:

> (1) Subject to subsection (4),[3] a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> * * *

---

[3]Subsection (4) is not at issue here.

> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

MICH. COMP. LAWS § 600.3236 addresses the effect of the failure to redeem a foreclosed property, and provides in relevant part:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage ….

### A. *Saurman*

At the Court's request, the parties have addressed the applicability of *Residential Funding Co., LLC v. Saurman,* 807 N.W.2d 412 (Mich. Ct. App. 2011), in which the Michigan Court of Appeals had held a foreclosure by advertisement under § 600.3204(1)(d) invalid because the foreclosing entity, Mortgage Electronic Registration System (MERS), lacked a legal or equitable ownership right in the debt secured by the mortgage in question. The decision of the Michigan Court of Appeals has since been reversed by the Michigan Supreme Court, 805 N.W.2d 183 (Mich. 2011), and thus provides no support for Plaintiff's claims.

In reversing the court of appeals, the Michigan Supreme Court clearly held that "MERS' status as an 'owner of an interest in the indebtedness,'" i.e., as record-holder of the mortgage, authorized MERS to foreclose by advertisement under MICH. COMP. LAWS § 600.3204(1)(d). 805 N.W.2d 183. The court reasoned that "as record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MICH. COMP. LAWS § 600.3204(1)(d)." *Id.*

Here, Fifth Third was the foreclosing entity. As the record holder of the mortgage, Fifth Third was a proper party to foreclose under § 600.3204(1)(d). To the extent *Saurman* has any bearing on this case, it supports Freddie Mac's arguments.

## B. Standing

Freddie Mac argues that Plaintiff lacks standing to challenge the foreclosure sale because the right to raise any such challenge was extinguished upon the expiration of the statutory redemption period under MICH. COMP. LAWS § 600.3236. Several courts have recently addressed, and rejected, such arguments under § 600.3236. This Court finds no basis to hold otherwise.

Freddie Mac relies on an unpublished Michigan Court of Appeals decision, *Overton v. Mortgage Electronic Registration Systems,* No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009), in which the defendants argued not only that the plaintiff's claims lacked legal and factual merit, but also that the plaintiff lacked standing to challenge the foreclosure because he no longer had any interest in the property once the redemption period expired. The court generally found the defendants' arguments sound, stating:

> Defendants' arguments are legally and factually sound. Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property. Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App 246, 247-248; 167 NW2d 784 (1969). *Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187; 4 NW2d 514 (1942); MCL 600.3236.

2009 WL 1507342, at *1 (emphasis added).

Subsequently, other courts that have addressed standing challenges based on *Overton* have noted that standing was not really the proper theory on which to seek dismissal. *See Brezzell v. Bank of America, N.A.,* No. 11–11467, 2011 WL 2682973, at *4 n.3 (E.D. Mich. Jul. 11, 2011) (Edmonds, J.); *Langley v. Chase Home Fin., LLC,* No. 1:10–cv–604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011) (Jonker, J.).  Judge Edmonds noted in *Brezzell*, 2011 WL 2682973, at *4 n.3, that the *Langley* court concluded that "the 'standing' discussion [in *Overton*] that many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision."  As explained in *Langley*:

> Defendants routinely seek dismissal based on an unpublished decision of the Michigan Court of Appeals, *Overton v. MERS,* 2009 Mich. App. Lexis 1209 (May 28, 2009). Many Defendants suggest the basis for the ruling in *Overton* is a lack of Plaintiff's standing once the redemption period expires, but the Court of Appeals does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all, the Plaintiffs in such cases are the last lawful owner and possessor of the property. Moreover, they often remain in continuing possession of the property notwithstanding any Sheriff's sale and expiration of a redemption period. Moreover, Plaintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by Defendants to divest them of those rights. This certainly seems to satisfy the basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis. Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue. Of course, having standing to bring a claim does not mean you have a valid claim on the merits. That is a different question. *Overton* is best viewed as a merits decision, not a standing case.

*Langley*, 2011 WL 1130926, at *2 n.2; *see also Moss v. Wells Fargo Bank, N.A.,* No. 11–13429, 2012 WL 1050069, at *3-4 (E.D. Mich. Mar. 28, 2012) (Lawson, J.) (rejecting the standing argument under Michigan law).  Given the above analyses, Freddie Mac is not entitled to dismissal of this case based on a lack of standing.

Plaintiff argues that even if *Overton* applies, this case falls within the *Overton* exception for fraud or irregularity.  As discussed subsequently, Plaintiff's allegations of fraud or irregularity do

6

not provide a sufficient basis to attack the foreclosure in this case. A plaintiff must make a clear showing of fraud or irregularity to set aside a foreclosure sale and succeed on his claim. *Brezzell*, 2011 WL 2682973, at *4-5.

### C. Foreclosure

Plaintiff has shown no basis to set aside the foreclosure and sheriff's sale. Plaintiff asserts that "[a] 'mortgagee' without ownership of the indebtedness cannot foreclose because it lacks the power of sale" (Pl. Br. at 14). The Court finds no factual or legal merit in Plaintiff's various arguments in light of the record and the Michigan Supreme Court's decision in *Saurman*:

> "The rule is well-settled that ... the mortgagee has a lien on the land to secure the debt." *McKeighan v. Citizens Commercial & Sav. Bank,* 302 Mich. 666, 670, 5 N.W.2d 524 (1942). "It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands .... The choice of a mortgagee is a matter of convenience." *Adams v. Niemann,* 46 Mich. 135, 137, 8 N.W. 719 (1881). *See also, Canvasser v. Bankers Trust Co.,* 284 Mich. 634, 639, 280 N.W. 71 (1938). Indeed, in interpreting predecessor foreclosure-by-advertisement statutes, in cases in which the mortgagee had transferred a beneficial interest, but retained record title, this Court has unanimously held that "[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." *Arnold v. DMR Financial,* 448 Mich. 671, 678, 532 N.W.2d 852 (1995); *see also, Feldman v. Equitable Trust Co.,* 278 Mich. 619, 624–625, 270 N.W. 809 (1937).
>
> We discern no indication that when the Legislature amended MCL 600.3204(1) in 1994, it meant to establish a new legal framework in which an undisputed record holder of a mortgage, such as MERS, no longer possesses the statutory authority to foreclose. Rather, as explained above, the Legislature's use of the phrase "interest in the indebtedness" to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who "own[ ] the indebtedness" and parties who act as "the servicing agent of the mortgage." MCL 600.3204(1)(d).

*Saurman*, 805 N.W.2d 183-84.

Fifth Third was the "Lender" and mortgagee on the mortgage (Compl. Ex. A). Michigan law clearly provides that Fifth Third, as mortgagee, is the proper party to foreclose on the mortgage, and the fact that Freddie Mac had an interest in the indebtedness does not change this result. MICH. COMP. LAWS § 600.3204(1)(d); *Saurman*, 805 N.W.2d 183-84.

The Court finds no merit in Plaintiff's arguments that the mortgage contract does not permit the foreclosure by Fifth Third and that Freddie Mac's sheriff's deed is therefore invalid and unlawful. The "Transfer of Rights in the Property" (Compl., Ex. A at 3) provides in relevant part:

> This Security Instrument secures to Lender: (i) the repayment of the loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. *For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County of Muskegon ….*

(Emphasis added). The record clearly establishes that Fifth Third is the Lender (Compl., Ex. A, p.2 ¶ C) and has the power of sale, as would successors and assigns of Fifth Third.

Further, in *Arnold,* 532 N.W.2d at 853, the Court held that a mortgagee's failure to record its assignment to third party as security did not render foreclosure by advertisement void:

> We granted leave in this case to address whether an unrecorded security assignment of a mortgage prevents the mortgagee of record from foreclosing by advertisement. We conclude that it does not, and hold that only the record holder of the mortgage has the power to foreclose and that the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security.

The court relied on its previous holding "that a foreclosure by the record mortgagee was proper, and the presence of an unrecorded security assignment was irrelevant" since "the existence of equitable rights in the mortgage by persons other than the person who had legal title alone did not create a valid objection on behalf of the mortgagor if the mortgagor was unaffected by those interests." *Id.* at 856. Moreover, the Court noted that "[a]n assignee whose assignment is not recorded cannot

8

itself foreclose by advertisement." *Id.* at 856 n.7. Thus, "[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." *Id.* at 856.

A plaintiff must make a clear showing of fraud or irregularity to set aside a foreclosure sale and succeed on his claim. *Brezzell*, 2011 WL 2682973, at *4-5; *see also Overton,* 2009 WL 1507342, at *1 (citing *Schulthies v. Barron,* 167 NW2d 784, 785 (Mich. Ct. App. 1969)). Plaintiff fails to make such a showing.

### D. Plaintiff's Individual Claims

Freddie Mac further argues that Plaintiff's individual claims (Counts 1, 2 and 4) are without merit and must therefore be dismissed. The Court agrees.

For the reasons discussed above, there is no basis for Plaintiff's breach of contract claim based on the mortgage contract "Transfer of Rights in the Property" provision. Plaintiff has not shown how Freddie Mac's interest in the indebtedness operated to void Fifth Third's power of sale and render the sheriff's deed invalid. Freddie Mac is entitled to dismissal of Count 1.

Plaintiff's claims based on defective notice in the foreclosure, Count 2, also fail. Plaintiff alleges that notice under MICH. COMP. LAWS § 600.3205a was defective because the published notice did not "state the reasons that the mortgage is in default and [] state the amount due and owning under the mortgage loan" (Compl. ¶ 42). Contrary to Plaintiff's assertions, § 600.3205a does not require publication of the notice required under subsection (1), but instead requires only that the notice be served by mail to the borrower's last known address. MICH. COMP. LAWS § 600.3205a(3).

Plaintiff further alleges that the foreclosure notice was defective under MICH. COMP. LAWS § 600.3212 because it does not include the name of the mortgage assignee, i.e., Freddie Mac (Compl. ¶ 44). The statute requires that the notice of foreclosure by advertisement include: "The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any." MICH. COMP. LAWS § 600.3212(a). Because Freddie Mac was not the "foreclosing" assignee, the notice was not defective for failing to name Freddie Mac as such.

To the extent that Plaintiff alleges other, unspecified defects in the notice required, he has not shown that the notice failed to comply with the statutes at issue. Moreover, Plaintiff has failed to show that the defective notice, if any, resulted in harm or prejudice so as to render the foreclosure sale void. *See Jackson Inv. Corp. v. Pittsfield Prods., Inc.,* 413 N.W.2d 99, 101-02 (Mich. App. 1987) (notice defect renders a foreclosure sale voidable, rather than void).

Finally, in Count 4, Plaintiff alleges that Freddie Mac is not a "Real Party in Interest." Plaintiff essentially alleges that Freddie Mac was not the mortgagee at the time of foreclosure, was not in the chain of mortgagees, and therefore is not a real party in interest and cannot foreclose on Plaintiff's property. It is undisputed that Fifth Third proceeded with the foreclosure, not Freddie Mac. This claim is without merit.

## IV. Conclusion

Plaintiff has devoted much effort in his attempt to persuade the Court that the foreclosure was invalid and the sheriff's deed should be set aside. The Court has endeavored to address

Case 1:11-cv-00156-JTN  Doc #47  Filed 05/21/12  Page 11 of 11  Page ID#402

Plaintiff's essential arguments for relief, to the extent they are reasonably presented, but in any event, finds that the counts alleged in his Complaint fail to state any viable legal claims.[4]

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss (Dkt 44). Further, as the Court's decision resolves all pending claims, an Order and corresponding Judgment will be entered consistent with this Opinion. *See* FED. R. CIV. P. 58.

DATED: May 21, 2012                    /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge

---

[4]Given the confusing state of Plaintiff's allegations and presentation of the record facts, the Court's analysis is intended to be confined solely to the circumstances and arguments presented in this case.

11